**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| DAVID SANDOVAL, ) | No. EDCV 09-940-CW |
| ) Plaintiff, ) | DECISION AND ORDER |
| v. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner, Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

The parties have consented, under 28 U.S.C. § 636(c), to the jurisdiction of the undersigned magistrate judge. Plaintiff seeks review of the Commissioner's denial of Supplemental Security Income ("SSI") benefits. The court finds that judgment should be granted in favor of defendant, affirming the Commissioner's decision.

**I. BACKGROUND**

Plaintiff David Sandoval was born on October 5, 1959, and was forty-seven years old at the time he filed his application for SSI benefits under Title XVI of the Social Security Act. [Administrative Record ("AR") 13.] He has at least a high school education and past

relevant work experience as a construction laborer. [Id.]  Plaintiff alleges disability on the basis of a back injury. [AR 57.]

## II.   PROCEEDINGS IN THIS COURT

Plaintiff's complaint was lodged on May 12, 2009, and filed on May 18, 2009.  On October 27, 2009, Defendant filed an Answer and, on October 28, 2009, filed Plaintiff's Administrative Record.  On December 30, 2009, the parties filed their Joint Stipulation ("JS") identifying matters not in dispute, issues in dispute, the positions of the parties, and the relief sought by each party.  This matter has been taken under submission without oral argument.

## III.   PRIOR ADMINISTRATIVE PROCEEDINGS

Plaintiff applied for SSI benefits on December 13, 2006, alleging disability since May 24, 2000. [AR 46.]  After the application was denied initially and on reconsideration, Plaintiff requested an administrative hearing, which was held on November 24, 2008, before Administrative Law Judge ("ALJ") Joseph Schloss.  [AR 119.]  Plaintiff appeared with counsel and gave testimony. [AR 122.]  The ALJ also considered the testimony of a vocational expert ("VE"). [AR 133.]  The ALJ denied benefits in a written decision issued on January 20, 2009. [AR 9-15.]  When the Appeals Council denied review on March 24, 2009, the ALJ's decision became the Commissioner's final decision. [AR 3.]

## IV.   STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits.  The Commissioner's (or ALJ's) findings and decision should be upheld if they are free of legal error and supported by substantial evidence.  However, if the court determines that a finding is based on legal error or is not supported by substantial evidence in the record, the court may reject

the finding and set aside the decision to deny benefits. See <u>Aukland v. Massanari</u>, 257 F.3d 1033, 1035 (9th Cir. 2001); <u>Tonapetyan v. Halter</u>, 242 F.3d 1144, 1147 (9th Cir. 2001); <u>Osenbrock v. Apfel</u>, 240 F.3d 1157, 1162 (9th Cir. 2001); <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1097 (9th Cir. 1999); <u>Reddick v. Chater</u>, 157 F.3d 715, 720 (9th Cir. 1998); <u>Smolen v. Chater</u>, 80 F.3d 1273, 1279 (9th Cir. 1996); <u>Moncada v. Chater</u>, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

"Substantial evidence is more than a scintilla, but less than a preponderance." <u>Reddick</u>, 157 F.3d at 720. It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." <u>Id</u>. To determine whether substantial evidence supports a finding, a court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." <u>Id</u>. "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. <u>Reddick</u>, 157 F.3d at 720-721; see also <u>Osenbrock</u>, 240 F.3d at 1162.

### V.  DISCUSSION

**A.   THE FIVE-STEP EVALUATION**

To be eligible for benefits, a claimant must demonstrate a medically determinable impairment which prevents the claimant from engaging in substantial gainful activity and which is expected to result in death or to last for a continuous period of at least twelve months. <u>Tackett</u>, 180 F.3d at 1098; <u>Reddick</u>, 157 F.3d at 721; 42 U.S.C. § 423(d)(1)(A).

Claims are evaluated using a five-step test:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

>     Step two: Does the claimant have a "severe" impairment? If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>     Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
>     Step four: Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
>     Step five: Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996); see also Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Tackett, 180 F.3d at 1098-99; 20 C.F.R. § 404.1520, § 416.920.  If a claimant is found "disabled" or "not disabled" at any step, there is no need to complete further steps.  Tackett, 180 F.3d 1098; 20 C.F.R. § 404.1520.

Claimants have the burden of proof at steps one through four, subject to the presumption that Social Security hearings are non-adversarial, and to the Commissioner's affirmative duty to assist claimants in fully developing the record even if they are represented by counsel.  Tackett, 180 F.3d at 1098 and n.3; Smolen, 80 F.3d at 1288.  If this burden is met, a prima facie case of disability is made, and the burden shifts to the Commissioner (at step five) to prove that, considering residual functional capacity ("RFC")[1], age,

---

[1] Residual functional capacity measures what a claimant can still do despite existing "exertional" (strength-related) and "nonexertional" limitations.  Cooper v. Sullivan, 880 F.2d 1152, 1155 n.s. 5-6 (9th Cir. 1989).  Nonexertional limitations limit ability to work without directly limiting strength, and include mental, sensory, postural, manipulative, and environmental limitations.  Penny v. Sullivan, 2 F.3d 953, 958 (9th Cir. 1993); Cooper, 800 F.2d at 1155 n.7; 20 C.F.R. § 404.1569a(c).  Pain may be either an exertional or a nonexertional limitation.  Penny, 2 F.3d at 959; Perminter v. Heckler,

education, and work experience, a claimant can perform other work which is available in significant numbers. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

### B. THE ALJ'S EVALUATION IN PLAINTIFF'S CASE

Here, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the disability application date of December 13, 2006 (step one); that Plaintiff had a "severe" impairment of a lumbar spine disorder (step two); and that Plaintiff did not have an impairment or combination of impairments that met or equaled a "listing" (step three). [AR 11.] The ALJ determined that Plaintiff retained the RFC to perform a limited range of light exertion. [Id.] Specifically, the ALJ found that Plaintiff can lift and carry 20 pounds occasionally and 10 pounds frequently; he can push and pull the same amount of weight; he can stand and walk for 6 hours out of an 8-hour work day, and he can sit for 6 hours out of an 8-hour work day; he also requires a sit/stand option. [Id.]

The ALJ found that Plaintiff is unable to perform his past relevant work as a construction laborer (step four). [AR 13.] After considering the testimony of the VE, the ALJ determined that Plaintiff could perform work existing in significant numbers in the national economy (step five). [AR 14.] Accordingly, Plaintiff was found not "disabled" as defined by the Social Security Act (the "Act"). [Id.]

### C. ISSUES IN DISPUTE

The parties' Joint Stipulation identifies as the following disputed issues:

1. Whether the ALJ properly determined that Plaintiff's

---

765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

1            impairment did not meet or equal a listed impairment;

2    2.    Whether the ALJ properly evaluated Plaintiff's credibility

3            and subjective symptoms; and

4    3.    Whether the ALJ properly developed the record.

5 [JS 2-3.]

**D.    ISSUE ONE: LISTED IMPAIRMENT (STEP THREE)**

In his first claim, Plaintiff asserts that the ALJ erred at step three of the sequential evaluation; at that stage, the ALJ concluded that Plaintiff's back disorder did not meet or equal the listing for disorders of the spine set forth at section 1.04(A). [AR 11.] Plaintiff does not dispute this finding but asserts that the ALJ erred by failing to evaluate whether his impairment met or medically equaled the criteria for listing 1.04(C).

In order to establish that an impairment "meets" the requirements of a listed impairment, it is Plaintiff's burden to show that his impairment fulfills all of the specified medical criteria of that particular listed impairment. Sullivan v. Zebley, 493 U.S. 521, 530-31 (1990). An impairment that manifests only some of the criteria of a listing, no matter how severely it does so, does not qualify. Id. To show medical equivalency, on the other hand, a claimant must present medical evidence that his impairments, in combination, are equal in severity to all the criteria for the one most similar listed impairment. Id. A claimant cannot circumvent the requirements of a given listing by urging that his impairments "equal," rather than meet, its criteria. See Lewis v. Apfel, 236 F.3d 503, 514 (9th Cir. 2001).

To establish that his back impairment met or equaled the requirements for listing 1.04(C), Plaintiff bore the burden to

establish:
- lumbar spinal stenosis
- pseudoclaudication, established by findings on appropriate medically acceptable imaging,
- chronic non-radicular pain and weakness,
- an inability to ambulate effectively.

See 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04

An inability to ambulate effectively is defined as "an extreme limitation of the ability to walk." Id. at 1.00B2b(2). It is "an impairment that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities." Id.

While Plaintiff is, of course, correct that the ALJ did not explicitly address whether his impairment met or equaled listing 1.04(C), the ALJ concluded at step four that Plaintiff retains the ability to ambulate effectively [AR 11-13], which renders this listing inapplicable even were Plaintiff able to establish that his back disorder may meet one or more of its remaining criteria.[2] See Sullivan, 493 U.S. at 530-31. Specifically, at step four, the ALJ discussed the medical record in detail and ultimately adopted the opinion of the state agency reviewing physician, which was the only medical opinion relating to Plaintiff's limitations contained in the record, that Plaintiff remains able to stand and walk for six out of eight hours. [AR 11, 112-18.] This conclusion is based on substantial evidence. State agency medical consultants are "highly qualified

---

[2] Although Plaintiff asserts that his back condition meets all of the requirements of the listing [JS 6], Plaintiff does not cite supporting evidence for each of the criteria, nor does the record indicate that Plaintiff's condition satisfies them.

7

physicians" who are also "experts in Social Security disability evaluation."  20 C.F.R. §§ 404.1527(f)(2), 416.927(f)(2).  "Findings of fact made by State agency medical and psychological consultants . . . regarding the nature and severity of an individual's impairment(s) must be treated as expert opinion evidence of nonexamining sources." Social Security Ruling ("SSR") 96-6p.  When, as here, the opinion of a reviewing physician is supported by all of the other medical evidence of record and is consistent with that other evidence, the opinion may constitute substantial evidence to support the ALJ's findings. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995).

Although Plaintiff contends this finding is erroneous because Plaintiff reported numbness, pain, and an inability to walk to his physicians and likewise testified to that effect, the ALJ determined that Plaintiff was not entirely frank in this regard. [AR 12-13.] As will be discussed more extensively below, the credibility evaluation is supported by substantial evidence.

The ALJ is not required to make cumulative findings, and the reviewing court may draw reasonable inferences from the findings the ALJ sets out. Magallanes v. Bowen, 881 F.2d 747, 755 (9th Cir. 1989). Consequently, the fact that the ALJ did not expressly analyze the criteria of listing 1.04(C) is not a ground for reversal, given that the ALJ made legally sufficient findings that establish the inapplicability of that listing here.

**E.   ISSUE TWO: CREDIBILITY**

In his second claim for relief, Plaintiff contends the ALJ did not adequately consider his testimony regarding his inability to ambulate effectively.  This claim is without merit.

The Commissioner may choose to disregard a claimant's testimony

regarding the extent of his symptoms provided that, in so doing, the Commissioner sets forth legally sufficient reasons for that disbelief it. Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). Absent affirmative evidence of malingering, an adverse credibility finding must be based on "clear and convincing reasons." Carmickle v. Comm'r of Social Sec. Admin., 533 F.3d 1155, 1160 (9th Cir. 2008). If this standard is met, the Commissioner's assessment of a claimant's credibility should be given great weight. Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1985).

The ALJ satisfied this standard here by setting out multiple clear and convincing reasons, supported by substantial record evidence, for declining to credit Plaintiff's subjective statements regarding his ability to walk, as follows:

First, the ALJ found that Plaintiff's allegations are not credible because the record contains "very few" treatment records and because Plaintiff did not adequately explain why he failed to seek out more extensive treatment. [AR 12.] An unexplained, or inadequately explained, failure to seek treatment provides a legally sufficient basis for the ALJ to infer that a claimant's impairments are not as severe as alleged. Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989). Indeed, the record here includes fewer than ten pages of treatment notes and indicates that Plaintiff sought treatment only four times between November 2005 and February 2007 due to back pain. [AR 101-11.] The ALJ did not err in inferring that this does not support Plaintiff's allegation that he has suffered for nearly a decade from disabling pain.

Second, the ALJ pointed out that Plaintiff has been repeatedly noncompliant with his physicians' instructions. [AR 13.] This

finding, too, is supported by substantial evidence. The record indicates that Plaintiff did not keep appointments with his treating physician, failed to obtain recommended diagnostic tests, and did not consistently take his prescribed pain medication. [E.g., AR 102-04, 123-24.] A claimant's failure to follow his physician's instructions may suggest that the claimant's symptoms are not disabling. Fair, 885 F.2d at 603.

Plaintiff argues that his failure to obtain tests and keep appointments is justified because he does not have ready access to transportation and that, in addition, he did not always take his prescriptions because he struggles with addiction. [JS 9-10.] The ALJ found, however, that the lack of medical evidence and Plaintiff's contradictory statements regarding drug use suggest that Plaintiff was less than frank regarding his true motives. [AR 13.] Because this inference is reasonably drawn from the record, this court will not second guess it. See Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004). Indeed, as the ALJ pointed out, if Plaintiff were motivated to follow his doctors' orders, he could have scheduled tests on the same days as other appointments, which he did not do. [AR 13.] It is not the province of the court but of the ALJ to evaluate the adequacy of a plaintiff's motives based upon the ALJ's weighing of the evidence of record. Fair, 885 F.2d at 603. The record amply supports the ALJ's evaluation in this regard.

Third, the ALJ found that Plaintiff made inconsistent statements regarding his drug dependency and refusal to take pain medication. In assessing a claimant's credibility, the ALJ may use "ordinary techniques of credibility evaluation," such as considering any inconsistent statements in the claimant's testimony. E.g.,

1  Tonapetyan, 242 F.3d at 1147-48.  The ALJ's findings in this regard
2  are well supported.  For example, Plaintiff suggested in testimony
3  that he had been sober since 2003, but the medical record indicates he
4  was undergoing heroin withdrawal in December 2006. [Compare AR 110-11
5  with AR 130.] In light of such inconsistencies, the ALJ was entitled
6  to conclude Plaintiff was less than forthright overall.

7       Finally, the ALJ found that Plaintiff's statements regarding
8  disabling pain and an inability to walk were inconsistent with and
9  unsupported by the medical record.  While the ALJ may not reject a
10 claimant's testimony merely because objective medical evidence does
11 not corroborate the extent of the limitations alleged, a conflict with
12 the medical evidence is a legitimate consideration in the credibility
13 evaluation.  See Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir.
14 2001) (citing 20 C.F.R. § 404.1529(c)(2)).  Here, for example, the
15 reviewing physician opined that the record shows Plaintiff may still
16 perform work. [AR 112-16.]  An ALJ may consider physician opinions
17 that plaintiff could work, which contradict plaintiff's assertion to
18 the contrary, in determining credibility.  Moncada v. Chater, 60 F.3d
19 521, 524 (9th Cir. 1995).  Moreover, the only abnormal finding
20 reported by Plaintiff's physician were abnormal deep tendon reflexes.
21 [AR 104.]  Plaintiff did not report all of his alleged symptoms, such
22 as numbness and burning, to his treating physician. [AR 12, 102-04.]
23 As the ALJ concluded, these facts suggest Plaintiff is not as disabled
24 as he asserts. [See AR 12-13.]

25      While the ALJ's interpretation of a claimant's testimony may not
26 be the only reasonable one, if it is supported by substantial evidence
27 "it is not [the court's] role to second-guess it." Rollins, 261 F.3d
28 at 857 (citation omitted).  Because substantial evidence supports the

ALJ's credibility evaluation here, this claim does not warrant remand or reversal.

### F. ISSUE THREE: DUTY TO DEVELOP THE RECORD

In his third claim, Plaintiff asserts that the ALJ did not satisfy his obligation to develop the record, evidenced by the ALJ's comment during the hearing that "the main problem with this case" was Plaintiff's failure to obtain tests ordered by his physicians. [See AR 136.] This claim is without merit.

The ALJ is required to develop the record only to the extent the medical evidence a claimant provides is ambiguous or insufficient to support a decision. Tonapetyan, 242 F.3d at 1150. Here, contrary to Plaintiff's suggestion, the ALJ did not find the record to be insufficient to permit him to evaluate Plaintiff's allegations. Rather, he concluded that the medical evidence alone does not establish a disability and that, furthermore, the lack of any significant evidence spanning an alleged eight-year period of disability strongly supported an inference that Plaintiff is not suffering to the degree alleged. [AR 13, 136.] After having reviewed the sparse medical evidence submitted by Plaintiff, this ground provides no basis for reversal of the Commissioner's decision.

//
//
//
//
//
//
//
//

**V. ORDERS**

Accordingly, **IT IS ORDERED** that:

1. The decision of the Commissioner is **AFFIRMED**.

2. This action is **DISMISSED WITH PREJUDICE**.

3. The Clerk of the Court shall serve this Decision and Order and the Judgment herein on all parties or counsel.

DATED: June 8, 2010

_____
CARLA M. WOEHRLE
United States Magistrate Judge